**Rachael C. NELMIDA, Plaintiff–Appellant,**

v.

**SHELLY EUROCARS, INC., a Hawaii Corporation, dba BMW of Honolulu, Ltd.; Shelly Automotive Management, Inc., a Hawaii corporation, dba Shelly Motors, Inc.; Charles Gates, individually and in his capacity as a Service Man-** ager and Supervisor at Shelly Eurocars, Inc.; Charles Miller, individually and in his capacity as a Dispatcher at Shelly Eurocars, Inc.; Scott Dempsey, individually and in his capacity as Service Writer at Shelly Eurocars, Inc.; John Does 1–10; Jane Does 1–10; Doe Business Entities 1–10; Doe Corporations 1–10; Doe Partnerships 1–10; Doe Unincorporated Organizations 1–10; Doe Governmental Agencies 1–10, Defendants–Appellees.

No. 95–16334.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 1996.*

Submission Deferred Feb. 3, 1997.

Re–Submitted March 21, 1997.

Filed April 29, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Elizabeth Jubin Fujiwara and Cara Mei Kam Ching, Honolulu, HI, for plaintiff–appellant.

Richard M. Rand, Torkildson, Katz, Jossem, Fonseca, Jaffe, Moore & Hetherington, Honolulu, HI, for defendants–appellees.

Before: FLETCHER, WIGGINS and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Rachael C. Nelmida brought suit in Hawaii state court against defendants Shelly Eurocars, Inc., dba BMW of Honolulu, Ltd.; Charles Gates; Charles Miller; and Scott Dempsey alleging violations of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §§ 2000e *et seq.,* as well as violations of state law. The defendants removed the case to federal district court, then filed a motion for summary judgment on the Title VII claims. The district court granted summary judgment on the Title VII claims and remanded the remaining claims to state court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 20, 1993, Nelmida resigned her position at BMW of Honolulu. Approximately nine months later, on October 15, 1993, Nelmida filed a charge of race and sex discrimination against defendants with the Equal Employment Opportunity Commission ("EEOC"). On March 11, 1994, after completing an investigation into Nelmida's charges, the EEOC's investigator sent a predetermination letter to Nelmida informing her that their investigation was complete and inviting her to provide further documentation and evidence supporting her charge of discrimination, if in fact there was such evidence, within ten days. The letter also informed Nelmida that a determination letter ("right-to-sue notice") would be sent to her by certified mail [1] and that it was her responsibility to claim that letter.

On March 18, 1994, the EEOC sent a right-to-sue notice to Nelmida, by certified

---

1. When a letter is sent via certified mail, return receipt requested, the recipient must sign a receipt acknowledging delivery. If the recipient is not at home, a notice will be left indicating that the post office attempted delivery and indicating when the letter is available at the post office for pick up. The recipient also has the option of requesting a redelivery. If after five days the recipient does not pick up the letter, the post office leaves a second notice which indicates that there are ten days remaining to pick up the letter or to request redelivery. After this ten-day period, if the letter is still unclaimed, the post office returns the letter to the sender as unclaimed.

mail, to 99–055 Moanalua Road, Aiea, Hawaii 96701, the address given by Nelmida at the time she filed the charges with the EEOC. The Moanalua address was the address of her parents, her two sisters and her brother.

Nelmida was not living at the Moanalua address in March 1994. Instead, from around March 1993 to December 1994, Nelmida lived at a friend's apartment in Kalihi. During this period, Nelmida spoke to her parents about once a month. They did not have the Kalihi address and Nelmida does not remember whether they had her phone number. Although Nelmida did receive mail at the Kalihi address, her bills were going to the Moanalua address. Nelmida admits that she often does not receive mail sent to her at the Moanalua address because it gets lost or because no one tells her about it. Nelmida also admits that her family occasionally lies to her about whether mail has been received at the Moanalua address, and that she decided to have communications with her attorney sent to the Kalihi address rather than the Moanalua address because she wanted to make sure she got it. Nelmida did not inform the EEOC that she was no longer living at the Moanalua address, nor did she give them the Kalihi phone number or address.

On approximately March 15, 1994, Nelmida left Hawaii to help her cousin move to Las Vegas. She told her parents that she was going to Las Vegas and that she would return in about one month. She told her parents that she would be in the California Hotel for four days and then in her cousin's apartment. She also told the family members living at the Moanalua address to look out for mail addressed to her. Nelmida did not inform the EEOC that she would be leaving the island for approximately a month.

Nelmida returned to Hawaii on March 31, 1994. She went to her parents' home on April 1, 1994, but did not ask about any mail or messages for her. A few days later when she returned to her parents' home, her sister Elissa told her that she had received some mail. Nelmida and her sister searched the house, but could not find the mail. Nelmida believed that the lost mail was the right-to-sue notice.

Thereafter, Nelmida found the pre-determination letter, dated March 11, 1994, which summarized the evidence collected by the EEOC investigation and invited Nelmida to submit any further arguments, explanations or supporting evidence within ten days of the date of the letter.

Realizing from the pre-determination letter that the EEOC had dismissed her charges, and believing that the right-to-sue notice was the lost piece of mail, Nelmida telephoned the local EEOC office on April 6, 1994. Nelmida told the EEOC office that she had not received the right-to-sue notice. The EEOC confirmed the Moanalua address with Nelmida and mailed a copy of the right-to-sue notice to Nelmida on April 7, 1994. Nelmida received the copy of the notice on April 8, 1994.

The envelope containing the original right-to-sue notice mailed to Nelmida on March 18, 1994, has three dates written upon it: "3/19" in handwriting; "Mar 25 1994" stamped; and "Apr 03 1994" stamped with RTN handwritten next to the date. This envelope was returned to the EEOC unopened, as unclaimed mail, on April 11, 1994.[2]

On July 6, 1994, ninety days after she received the copy of the right-to-sue notice, but approximately one hundred ten days after the original right-to-sue notice was mailed to her by the EEOC, Nelmida filed a complaint in Hawaii state court. The complaint alleges violations of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §§ 2000e *et seq.,* as well as violations of state law, by both the individual defendants and BMW. The defendants removed the case to federal district court, then filed a motion for summary judgment on the Title VII claims. The district court granted the summary judgment motion, holding that Nelmida failed to comply with the ninety-day limitation period within which to file a Title VII civil action. Because all federal claims were resolved, the district court remanded

---

2. This court remanded this case to the district court to permit the parties to more fully develop the record concerning the attempted delivery of

the right-to-sue notice. Much of the foregoing statement of facts is based on the district court's uncontested findings on remand.

the remaining state law claims to Hawaii state court. Nelmida timely appeals.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo. Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. *Id.* at 1131.

## DISCUSSION

### A. Timely Filing of Civil Action

Before a claimant can file a Title VII civil action, she must file a timely charge of discrimination with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e–5(f)(1). This ninety-day period is a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. *Id.* at 267.

Neither this circuit, nor any other circuit, has determined when the ninety-day period begins to run under the fact scenario in the present case. However, a review of the precedent in this circuit, as well as cases from the other circuits, is informative.

In *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir.1992), the EEOC right-to-sue notice, sent by certified mail to the claimant's place of residence, was received and signed for by the claimant's daughter on November 1, 1988. However, the claimant did not read the notice until a few days after it was delivered to her home. We held that the claimant's civil action, filed on February 2, 1989, was barred by the statute of limitations. *Id.* "The language of the statute establishes the 90–day period as running from the 'giving of such notice' rather than from the date claim-

ant actually 'receives' notice in hand." *Id.* (citing 42 U.S.C. § 2000e–5(f)(1) and *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248–50 (5th Cir.1985)). Notice was given when the right-to-sue notice was received and signed for by the claimant's daughter. *Id.* The civil suit was filed more than ninety days after the notice was given; therefore, we held that the civil action was time-barred. *Id.* at 268–72.

In *St. Louis v. Alverno College*, 744 F.2d 1314, 1315 (7th Cir.1984), the claimant never received the right-to-sue notice. The notice was mailed to the address that claimant had given to the EEOC, but was returned to the EEOC because the claimant no longer lived at that address. He had moved from the address several years prior, but had not formally informed the EEOC of his change of address. *Id.* Approximately nine months after the notice was sent to the claimant, an attorney contacted the EEOC on behalf of the claimant and was informed that the right-to-sue notice had already been issued. Copies of the notice were sent to the claimant, and the claimant filed a *pro se* complaint within ninety days of receiving the copies of the notice. *Id.*

The court held that the action was time-barred:

> If [the claimant] had notified the EEOC that he had moved or had taken reasonable steps to ensure that he would receive mail delivered to the [address given to the EEOC], his failure to receive the notice might come within the holding of [*Archie v. Chicago Truck Drivers Union*, 585 F.2d 210 (7th Cir.1978), that the ninety-day period begins running on the date a claimant actually receives the right-to-sue notice]. But the basis for our decision there ... was that claimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized. In this case, however, [claimant's] failure to tell the EEOC that he had moved was not an event beyond his control. Accordingly, we hold that the ninety-day limit began running on the date

the notice was delivered to the most recent address plaintiff provided the EEOC.

*Id.* at 1317 (citation omitted).

In *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 325 (6th Cir.1988), the EEOC mailed the right-to-sue notice to the claimant on September 7, 1983, at the address the EEOC had on record. The post office returned the right-to-sue notice to the EEOC with the explanation that the claimant had moved and left no address. *Id.* Approximately four months later, claimant's counsel sent a letter to the EEOC requesting a right-to-sue notice. This letter failed to provide the EEOC with the claimant's current address.

Claimant's counsel sent another letter to the EEOC after he became aware that the EEOC had previously issued a right-to-sue notice. The letter from counsel explained that the claimant had not been living at the address provided to the EEOC due to a divorce, and that the claimant's wife had not forwarded his mail. The letter also provided the EEOC with the claimant's then current address and requested that a right-to-sue notice be reissued to the claimant at that address. The EEOC reissued the right-to-sue notice on March 15, 1984, and the claimant filed a civil action in district court on June 7, 1984. The district court dismissed the action, finding it barred by the limitations period.

In upholding the dismissal, the Sixth Circuit stated that where a claimant has failed to notify the EEOC of a change of address, the ninety-day period begins running five days after the date on which the EEOC mailed the notice to the claimant's address of record. *Id.* at 326 (citing *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986)). Because the EEOC had mailed the claimant's right-to-sue notice on September 7, 1983, the ninety-day period began to run five days later. The civil complaint, filed June 7, 1984, was not within the ninety-day statutory period and was therefore time-barred. *Id.* at 326–27.

■ In the present case, the right-to-sue notice was sent by certified mail on March 18, 1994, to the Moanalua address that Nel-mida had given to the EEOC. The post office attempted delivery of the letter on March 19, 1994, at the Moanalua address, as indicated by the handwritten date "3/19" on the envelope. Because no one was at home to receive the letter, the post office left a notice that delivery had been attempted and that the letter was available at the post office for pick up. The post office left a second notice at the Moanalua address on March 25, 1994, indicating that there were ten days remaining to pick up the letter or to request redelivery. The letter remained at the post office, awaiting pick up, until April 3, 1994. Because Nelmida failed to pick the letter up, it was returned to the EEOC as unclaimed.

Nelmida did not file suit until July 6, 1994, more than one hundred days after delivery of the original right-to-sue notice was attempted at the address of record with the EEOC. We hold that the ninety-day period within which to file suit began running when delivery of the right-to-sue notice was attempted at the address of record with the EEOC and that Nelmida's Title VII action is therefore time-barred. *See St. Louis,* 744 F.2d at 1317.

**B. Equitable Tolling**

■ The ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling. *Scholar,* 963 F.2d at 266–67. Equitable tolling is, however, to be applied only sparingly, *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), and "[c]ourts have been generally unforgiving ... when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights,'" *Scholar,* 963 F.2d at 268 (quoting *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458).

For example, in *Hunter,* 790 F.2d at 475, the Sixth Circuit held that when the claimant does not receive the right-to-sue notice promptly because of his failure to notify the EEOC of a change of address, he may not claim that the ninety-day time period is equitably tolled. In *Banks,* 855 F.2d at 327, the Sixth Circuit again held that the doctrine of equitable tolling was inapplicable where the

claimant did not tell the EEOC of his change of address. The court noted: "[T]he tolling of limitations requested by [claimant] is grounded in equity. A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands. [Claimant] did not do so in the instant case where he failed to notify the EEOC of his change of address as required by the regulations." *Id.* (citation omitted).

Similarly, in *Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir.1989), the Eighth Circuit refused to equitably toll the ninety-day period where the claimant had not informed the EEOC of a change of address. The EEOC had sent the right-to-sue letter to the address it had on record, but the claimant never received it because she had moved. The court held that the claimant received constructive notice when the right-to-sue letter was sent to her old address, and that equitable tolling was not appropriate because the claimant had failed to notify the EEOC of her new address. *Id.* at 1123–24. The court recognized that equitable tolling was generally reserved for circumstances which are truly beyond the control of the plaintiff, and that the case before it was not such a case:

> Hill could easily have informed the EEOC of her new address. The fact that Hill relied on the EEOC to send copies of correspondence to her attorney does not distinguish her case. *Moreover, when Hill actually learned in early October that the right to sue letter had already been sent, she still had ample time to file her suit.* The facts in this case do not compel the equitable tolling of the ninety-day limitation period.

*Id.* at 1124 (citation omitted) (emphasis added).

Finally, in *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir.1987), the Fourth Circuit held that equitable tolling will not be applied where the claimant did not file suit within ninety days of receipt of the right-to-sue letter. "[Claimant] knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint. There has been no show-ing that this was not sufficient time within which to act." *Id.*

■ We follow the lead of these cases and hold that the doctrine of equitable tolling is inapplicable to the present case. First, it cannot be said that Nelmida was diligent in insuring that she receive the right-to-sue notice from the EEOC. Nelmida gave the EEOC the Moanalua address despite the fact that she did not reside there and despite her knowledge that she often did not receive mail sent to this address. Furthermore, Nelmida left Hawaii for several weeks and failed to inform the EEOC of her absence, despite her knowledge that the right-to-sue notice might arrive during her absence.

Second, Nelmida had actual knowledge and notice, on April 6, 1994, that the EEOC had mailed the right-to-sue letter on March 18, 1994. The EEOC told her this, and gave her the information on how to proceed, when she called them after returning from the mainland.

Finally, Nelmida has not provided any explanation or reason why she waited until July 6, 1994, to file her complaint. Nelmida had more than ten weeks after receiving the copy of the right-to-sue letter on April 8, 1994, to timely file a complaint. This is certainly sufficient time to commence an action, particularly where both she and her attorney were aware that the original letter had been issued on March 17, 1994, and mailed on March 18, 1994, and that there may therefore be an issue as to timeliness. *See Scholar,* 963 F.2d at 268 ("Even if we accept Ms. Scholar's statements as fact, she still had 76–83 days in which to preserve her legal rights; Ms. Scholar offers no explanation as to why this was not sufficient time in which to commence her action."). *See also Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995) (equitable tolling inapplicable where there is no evidence that claimant had insufficient opportunity or time to file action once he actually saw the notice); *Ervin v. County of Los Angeles,* 848 F.2d 1018, 1019–20 (9th Cir.1988) (where a claimant's delay in filing her civil action is unwarranted, the delay is neither reasonable nor in good faith, and therefore equitable tolling inapplicable).

## CONCLUSION

The district court's grant of summary judgment in favor of defendants on the Title VII claims and the remand to state court of the other claims is affirmed.

AFFIRMED.