IT IS HEREBY ORDERED, AD-JUDGED and DECREED that defendant's Motion for Summary Judgment (# 81) is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice.

**John Jesus VARGAS, Sr., Plaintiff,**

v.

**WEB SERVICE COMPANY, INC., Defendants.**

**No. CIV–97–707–PHX–SMM.**

United States District Court, D. Arizona.

Dec. 14, 1998.

Cheri McCracken, Phoenix, AZ, for Plaintiff.

Gregory E. Hinkel, Phoenix, AZ, for defendant.

### ORDER

MCNAMEE, District Judge.

Plaintiff filed a two count Complaint alleging that Defendant demoted him based on his race and age, in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act ("ADEA"). On September 16, 1998, Defendant filed a Motion for Summary Judgment arguing that Plaintiff is time-barred from raising both of his claims. [Doc. # 25].

### I. BACKGROUND

On February 6, 1995, Defendant demoted Plaintiff and replaced him with a younger employee. Plaintiff is of Hispanic national origin and was 52 years old at the time of the demotion. On December 1, 1995, Plaintiff filed a Charge of Discrimination with the EEOC. [Doc. # 26, Ex. 1 to Ex. A]. The EEOC issued a Notice of Charge of Discrimination on December 6, 1995.[Id.]. Although Plaintiff alleged both race and age discrimination in his Charge Questionnaire, [Doc. # 30, Ex. C], Plaintiff's Charge of Discrimination, which Plaintiff signed, and the EEOC's Notice of Charge of Discrimination denote only Plaintiff's allegation that he was demoted due to his national origin.

On December 18, 1996, by Certified Mail, the EEOC mailed Plaintiff a Dismissal and Notice of Rights. [Doc. # 26, Ex. A at ¶ 5, 6; Ex. 2]. On December 20, 1996, Plaintiff personally signed a document from the United States Postal Service (USPS) stating that a certified letter was awaiting his pickup at the post office. [Id. at Ex. B]. Plaintiff put the slip in his wallet, and did not pick up the certified letter until January 4, 1997. [Doc. # 30 at ¶ 2]. Plaintiff filed this lawsuit on April 4, 1997.

On May 27, 1998, Plaintiff filed a Notice of Discrimination with the EEOC alleging that he was demoted based on age discrimination under the ADEA, and a Notice of Charge of Discrimination was issued. [Doc. # 26, Ex. 3]. Neither the original nor the amended Charges refer to termination, firing or discharge, constructive or otherwise.

### II. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (1995); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323–24, 106 S.Ct. 2548. The moving party need not disprove matters on which the opponent has the burden of proof at trial. Celotex, 477 U.S. at 317, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to estab-

lish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548; *see also Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir. 1994). "Conclusory allegations unsupported by factual data are insufficient to defeat a motion for summary judgment." *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.,* 140 F.3d 1228, 1237 (9th Cir.1998).

The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995). Therefore, if supported by affidavits or other evidentiary material, the court must regard as true the opposing party's evidence. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. However, the dispute must also be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Jesinger,* 24 F.3d at 1130. Substantive law determines which facts are material. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Jesinger,* 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

### III. DISCUSSION

As for Count One alleging race discrimination under Title VII, Defendant contends that the claim is time-barred because Plaintiff did not file this suit until after the ninety-day period following his receipt of the EEOC's dismissal. Additionally, Defendant argues that the claim is time-barred because Plaintiff did not file a complaint with the EEOC until over one hundred eighty-days after the last adverse employment action. Finally, Defendant points out that no charge was ever made to the EEOC regarding discharge from employment; only demotion was alleged.

As for Count Two alleging age discrimination under the ADEA, Defendant asserts that Plaintiff did not properly allege this claim until his amended Notice of Charge of Discrimination was filed on May 28, 1997. Even had the age discrimination claim been identified in the December 1, 1995 Charge of Discrimination, Defendants maintain that Plaintiff's April 4, 1997 filing of this Complaint was untimely.

In response, Plaintiff claims that his complaint was timely filed because he did not pick up the certified EEOC letter until January 4, 1997, and thus the ninety-day statute of limitations, according to Plaintiff, started to run on January 4, 1997. [Doc. # 29]. Because the envelope is stamped both on December 20, 1996, and January 4, 1997, Plaintiff argues that a genuine issue of material fact exists, and that further discovery, such as the deposition of a USPS employee, is required to determine the source of the stamps on the letter. Plaintiff also relates that upon informing two attorneys that he received the letter January 4, 1997, they advised him that he had until April 4, 1997 to file his claim. Further, Plaintiff asserts that Arizona employees have three hundred days to file their complaint with the EEOC under the work share agreement with the ACRD.

With regard to his allegations of age discrimination, Plaintiff claims that he did raise the issue in the EEOC questionnaire, and only because of an EEOC employee oversight did it fail to appear in the original charge. Regardless of the alleged oversight, Plaintiff contends that his May 27, 1998 charge of age discrimination is timely because it "relates back" to his original charge of race discrimination. Finally, Plaintiff asserts that equitable considerations should persuade the Court to find that Plaintiff's constructive discharge claim "relates back" to his demotion claim.

The Court finds that Plaintiff failed to timely initiate this action after his receipt of the certified letter from the EEOC dismissing his claim. A civil action must be filed against the respondent named in the charge within ninety days of receipt of a right to sue

letter. 42 U.S.C. § 2000e–5(f)(1). The ninety day period begins to run from the date that a right to sue letter is received. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir.1997); *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir.1992).

In general, courts have found that a properly addressed piece of mail is presumed to have been delivered by the Postal Service, and is presumed received absent evidence rebutting that presumption. *See Stache v. International Union of Bricklayers*, 852 F.2d 1231, 1234 n. 2 (9th Cir.1988), *cert. denied* 493 U.S. 815, 110 S.Ct. 64, 107 L.Ed.2d 32 (1989). *See Sherlock v. Montefiore Med. Center*, 84 F.3d 522, 525–26 (2d Cir.1996)(rebuttable presumption that right to sue letter was placed in mail on date of letter and received by recipient three days after mailing); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97 (D.D.C.1995)(letter presumptively mailed on date of issuance and presumed received after three or five days; litigant's *pro se* status did not alter effect of presumptions).

The Ninth Circuit's decision in *Nelmida, supra,* provides further guidance on the issue presented in this case. In *Nelmida,* the EEOC sent by certified mail to the plaintiff a right to sue letter on March 18, 1994. *Nelmida,* 112 F.3d at 381. Because no one was home to accept delivery, the post office left a notice that delivery of certified mail had been attempted and advised that the letter was available at the post office for pick up. *Id.* at 382. Approximately two weeks later, a member of the plaintiff's family told her that she had received mail, but only the predetermination letter, not the notice of delivery of the certified right to sue letter, was located. *Id.* On April 8, 1994, after calling the local EEOC office concerning the "lost" letter, Plaintiff received a copy of the original right to sue letter. *Id.* Because the original certified mail had not been picked up, the post office returned as unclaimed the envelope to the EEOC on April 11, 1994. *Id.* Plaintiff filed suit on July 6, 1994, which was within ninety days after receiving a copy of the right-to-sue letter, but more than ninety days after the post office left a notice of delivery of the original letter at her home. *Id.* The Ninth Circuit found that her suit was time-barred because the ninety day period "began

running when delivery of the right-to-sue notice was attempted at the address of record . . ." *Id.* at 384.

■ In this case, the evidence shows that the EEOC, by certified mail, sent a Dismissal and Notice of Rights to Plaintiff's correct address on December 18, 1996. [Doc. # 26, Ex. 2 to Ex. A; Ex. B]. Unlike the plaintiff in *Nelmida,* Plaintiff knew of the certified mail and personally signed a receipt for that letter on December 20, 1996. [Id., Ex. 1 to Ex. B]. Plaintiff submitted an affidavit in which he explains that he "had earlier received a yellow slip from the USPS requesting that I pick up certified mail at the post office. I put it in my wallet where it remained until January 4, 1997." [Doc. # 30, Ex. A at ¶ 3]. However, Plaintiff does not, and cannot dispute that he received a notice of delivery and signed a receipt for the letter before January 4, 1997.

The statute of limitations began to run on December 20, 1996, the date when the post office attempted delivery and Plaintiff signed for the letter. The Court will not toll the running of the ninety-day period until the date Plaintiff chose to pick up the letter. The fact that two attorneys gave Plaintiff advice based on misinformation received from him is of no consequence.

Because Plaintiff did not initiate this action until April 4, 1997, more than ninety days after he received the Notice, Defendants are entitled to summary judgment on both of Plaintiff's claims. Because the Court finds this issue dispositive of the case, it need not reach the remaining arguments set forth in the Defendant's summary judgment motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 25] is GRANTED. The Clerk of the Court shall terminate this action accordingly.

**IT IS FURTHER ORDERED** that oral argument for this motion, set for December 14, 1998, is hereby vacated.