**Michael R. VARGAS, Plaintiff–Appellant,**

v.

**SAFEWAY STORES, INC., a corporation doing business in Arizona; et al., Defendants–Appellees.**

No. 00–16756.

D.C. No. CV–98–01411–EHC.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2). Accordingly, appellant's request is denied.

## MEMORANDUM **

Michael R. Vargas appeals pro se the district court's order dismissing his Title VII claim and the summary judgment for defendants on his remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir.1998), and a summary judgment, *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir.1997). We affirm.

 Vargas contends that the district court erred by dismissing his Title VII claim on statute of limitations grounds because the statute of limitations should be construed to permit Vargas to file within a year of filing his charge. This contention lacks merit because a Title VII action must be commenced within ninety days of receipt of a right to sue letter from the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e–5(f)(1); *Nelmida,* 112 F.3d at 383.

Summary judgment was properly granted to defendants on Vargas's 42 U.S.C. § 1981 claim because Vargas failed to present evidence showing that the defendants' articulated reasons for discharging him were mere pretext for discrimination. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Patterson v. McLean Credit Union,* 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

Vargas's remaining contentions are without merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

