**Roger L. FORT, Plaintiff–Appellant,**

v.

**STATE OF OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS; Alan Lazaroff; Gary Boring; Glen Hite; Horace Hill, Defendants–Appellees.**

No. 00–3819.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

### ORDER

Roger L. Fort, an Ohio resident, appeals through counsel the summary judgment for defendants in an employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Fort filed a complaint against the Ohio Department of Rehabilitation and Corrections and several of its employees, alleging claims under Title VII, 42 U.S.C. §§ 1981 and 1983, and state law claims of infliction of emotional distress and defamation. The district court dismissed the state law claims and the Title VII claims against the individual defendants. Fort subsequently amended his complaint and deleted these claims. The district court ultimately granted summary judgment to defendants on the remaining claims.

On appeal, Fort argues that his Title VII action should be deemed to have been timely filed by applying equitable tolling. Defendants have briefed this issue as well as the §§ 1981 and 1983 claims, which Fort has expressly abandoned. They have also briefed the merits of the employment discrimination claim. Fort replied with a brief on the merits of the Title VII claim as well.

Fort was hired as a correctional officer on August 28, 1995, and was discharged on February 23, 1996, before completing his probationary period. Alleging that the discharge was due to racial discrimination, Fort filed claims with the Civil Rights Commission and EEOC and with the Ohio Department of Administrative Services, Equal Opportunity Division. A notice of the right to sue was issued by the EEOC on April 30, 1997. Fort acknowledges that he did not file his complaint in the district court within ninety days of the issuance of the right to sue letter. He argues that equitable tolling should be applied because he was out of town at a funeral for two or three weeks at the time the right to sue letter issued. When he returned, he learned that a certified letter had been addressed to him. His inquiries at the post office revealed only that the letter

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

had been returned unclaimed, but not the identity of the sender. Fort claims to have learned from his attorney over one year later that he should have received a notice of right to sue, and that he called the EEOC and requested that the notice be remailed, ultimately receiving it on June 13, 1998. This complaint was filed on August 28, 1998.

This court reviews a decision on the application of equitable tolling for an abuse of discretion where the facts are in dispute, and de novo where the issue is a matter of law. *Dunlap v. United States,* 250 F.3d 1001, 1007 & n. 2 (6th Cir.2001). In this case, defendant disputes several of the facts argued by Fort in support of his claim for equitable tolling. Notably, defendant disputes whether Fort was out of town at the time the right to sue letter issued, due to his extremely vague responses regarding dates at his deposition. Even construing the facts in the light most favorable to Fort, we conclude that the district court did not abuse its discretion in refusing to apply equitable tolling in this case.

The factors to be considered in deciding whether equitable tolling should be applied are: the lack of actual or constructive knowledge of the issuance of the right to sue letter; the party's diligence in pursuing his rights; the prejudice to the defendant; and the reasonableness of the party's ignorance. *EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094 (6th Cir. 1996). In this case, Fort alleges that he had no actual knowledge that he should have received a notice of the right to sue. However, he was represented by an attorney, and can therefore be deemed to have constructive knowledge. *Jackson v. Richards Med. Co.,* 961 F.2d 575, 579 (6th Cir.1992). Fort lacked diligence in pursuing his rights, failing to inquire about the notice for more than a year after its issuance. Although he argues that his claim

filed with the state Equal Opportunity Division was still pending, he should have realized that these were two separate proceedings, as he had filed both of them. The length of the delay in this case can be presumed to be prejudicial to the defendant. Finally, Fort did not behave reasonably in remaining ignorant of the issuance of the right to sue notice, as he left town for an extended period without informing the EEOC and without making any provision for handling his mail. *See Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 385 (9th Cir.1997).

Application of the relevant factors in this case reveals no abuse of discretion by the district court in failing to apply equitable tolling to render Fort's Title VII complaint timely. Accordingly, the district court's judgment is affirmed.