629

Douglas L. EDMAN, Plaintiff–
Appellant,

v.

SHELL OIL COMPANY,
Defendant–Appellee.

No. 03–35884.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Elizabeth J. Honaker, Esq., Honaker Law Firm, Billings, MT, for Plaintiff–Appellant.

W. Scott Mitchell, Esq., Charles E. Hansberry, Esq., Holland & Hart, LLP, Billings, MT, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Douglas L. Edman appeals the summary judgment for Shell Oil Company in his Age Discrimination in Employment Act ("ADEA") action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *EEOC v. Luce, Forward, Hamil-*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**630**

*ton & Scripps,* 345 F.3d 742, 746 (9th Cir.2003) (en banc), and we affirm.

■ Summary judgment was proper because Edman failed to file suit within ninety days of the date the right-to-sue letter was delivered to the most recent address he provided the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *Scholar v. Pacific Bell,* 963 F.2d 264, 267–68 (9th Cir.1992); *cf. Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir.1997) (holding that analogous limitations period for Title VII action commences upon postal service's attempt to deliver the right-to-sue letter to last known address and not when claimant receives actual notice).

■ Edman's contention that equitable tolling should apply here is unavailing because the EEOC sent the right-to-sue letter to the address Edman provided and it was his responsibility to notify the EEOC of any change of address. *See* 29 C.F.R. § 1601.7(b). Moreover, when Edman admittedly received the right-to-sue letter, he still had ample time to file his suit. Consequently, Edman failed to demonstrate the exceptional circumstances requisite to merit this remedy. *See Nelmida,* 112 F.3d at 383 (citing *Scholar,* 963 F.2d at 267).

AFFIRMED.