MEMORANDUM **
Richard De Los Reyes appeals from the district court’s judgment dismissing his complaint for failure to state a claim upon which relief could be granted, under Federal Rule of Civil Procedure 12(b)(6). We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.
*641 i
The district court correctly concluded that Reyes’s Title VII claim was time-barred because Reyes did not file the claim within 90 days after the EEOC issued a right-to-sue letter. Title VII claims must be filed within ninety days after receipt of a right-to-sue letter. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir.2008) (citing 42 U.S.C. § 2000e-5(f)(1)); Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir.1997) (“This ninety-day period is a statute of limitations.”).
Reyes does not dispute that he personally received the letter, and absent such a dispute, we presume he received it within three days after the EEOC issued it. See Payan v. Aramark Mgmt. Servs. Ltd. P’ship, 495 F.3d 1119, 1125 (9th Cir.2007). The letter was dated February 10, 2006, so we presume Reyes received it by February 13, 2006. Therefore, his claims filed January 24, 2007, were well past the ninety-day window, and barred under Title VII’s statute of limitations.
II
The district court did not err in concluding that Reyes failed to set forth sufficient facts to give Southwest Gas fair notice of Reyes’s state law claims and the grounds for those claims. The Federal Rules of Civil Procedure require a claim for relief to set forth “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed.R.Civ.P. 8(a)(2). The statement must “give the defendant fair notice of what the ... claim is and the grounds upon which it rests.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal quotations omitted). “Conclusory allegations of law ... are insufficient to defeat a motion to dismiss,” Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir.2001), and “a formulaic recitation of the elements of a cause of action will not do.” Bell Atl., 127 S.Ct. at 1965.
Reyes’s state law tort claims of intentional infliction of emotional distress and negligent supervision consisted merely of recitations of legal elements and concluso-ry statements. These allegations did not give notice to Southwest Gas of “the grounds upon which [the claim] rests.” Id. at 1965. Therefore, the district court acted within its discretion in dismissing these claims as insufficiently pled.
The district court properly dismissed Reyes’s claims without leave to amend, because it was “absolutely clear that the deficiencies of the complaint could not be cured by amendment.” Rouse v. U.S. Dep’t of State, 548 F.3d 871, 882 (9th Cir.2008) (internal citations omitted). Further, “[w]here the plaintiff has previously filed an amended complaint, ... the district court’s discretion to deny leave to amend is particularly broad.” Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir.2004) (internal quotations omitted). Because Reyes had already amended his complaint once, and because further amendment could not correct his time-barred statutory claims, the district court acted within its discretion in denying leave to amend.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.