FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 21 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD J. RUCKER, Jr., | No. 10-16879 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01673-JAM-KJN |
| v. | |
| SACRAMENTO COUNTY CHILD PROTECTIVE SERVICES and SACRAMENTO COUNTY HEALTH AND HUMAN SERVICES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Harold J. Rucker, Jr., appeals from the district court's order dismissing with

prejudice his action alleging disability discrimination in violation of federal and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state law and tortious discharge. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's decision regarding whether a claim is time-barred. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000). Where the facts are undisputed, the legal question of whether equitable tolling applies is also reviewed de novo; otherwise, we review for abuse of discretion. *Id.* We affirm.

It was error for the district court to conclude that it lacked subject matter jurisdiction, because the time limits for filing a charge with the Equal Employment Opportunity Commission ("EEOC") and thereafter for filing a civil suit are not prerequisites to federal court jurisdiction but instead operate as statutes of limitation subject to equitable doctrines. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1996). However, we may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008).

Rucker contends that the district court erred in dismissing his claims of disability discrimination under the Americans with Disabilities Act and Title VII of the Civil Rights Act because he filed a claim with California's Department of Fair Employment and Housing ("DFEH") in 2008 with new allegations, and government employees misled him into believing that claim would be cross-filed with the EEOC. Thus, he argues, the limitations period should be equitably tolled.

2

However, the DFEH issued its right-to-sue letter on June 18, 2008. Once the DFEH letter issued, an EEOC charge was deemed filed; Rucker was entitled to a right-to-sue letter from the EEOC 180 days thereafter, or on December 15, 2008. *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1243, 1245 (9th Cir. 2010). His civil complaint was not filed until June 17, 2009. The commencement of the civil action was thus outside the limitations period set forth in 42 U.S.C. § 2000e-5(f)(1). *See Stiefel*, 624 F.3d at 1245. Nor has Rucker presented any facts that would warrant equitable tolling of the limitations period. *See Scholar v. Pac. Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992). The district court did not err in dismissing the disability discrimination claims.[1]

Rucker also contends that the district court erred in denying his request for an evidentiary hearing. The decision whether to conduct an evidentiary hearing is reviewed for abuse of discretion. *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). The magistrate judge's Findings and Recommendations concluded that even if Rucker's allegations were taken as true, the limitations period would not be equitably tolled, and no evidentiary hearing was needed. Because we agree that even under the facts Rucker alleges, his claims are time-barred, there was no abuse of discretion in the magistrate judge's conclusion. *See id.* at 910–11.

---

[1] To the extent Rucker contends that his suit is based on the right-to-sue letter issued on May 25, 2007, his suit is even more untimely, and he has again not shown entitlement to equitable tolling.

Rucker next contends that the district court erred in not granting him leave to amend to allege a claim of retaliation under 42 U.S.C. § 1981(a). Because he raised the prospect of alleging a claim under § 1981 for the first time in his objections to the magistrate judge's Findings and Recommendations, the district court had discretion whether to consider the amendment. 28 U.S.C. § 636(b)(1); *Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Section 1981 applies only to intentional discrimination based on race. *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999). Rucker's complaint contains no reference to race. When Rucker first mentioned this amendment, he presented only one conclusory allegation regarding race-based discrimination but provided no facts to support that allegation. The district court did not abuse its discretion when it denied Rucker the opportunity to amend to assert a claim under § 1981.

Rucker finally contends that the district court failed to conduct a de novo review of the matter and to exercise its discretion as required by 28 U.S.C. § 636(b)(1) once Rucker had filed objections to the magistrate judge's Findings and Recommendations. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). We disagree. He has presented no facts to support that contention.

**AFFIRMED.**