FILED

JAN 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE McDERMOTT, | No. 10-35531 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01008-RAJ |
| v. | |
| PATRICK R. DONAHOE, Postmaster General United States Postal Service; et al.,[*] | MEMORANDUM[**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 19, 2011[***]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

[*]    Patrick R. Donahoe is substituted for his predecessor, John Potter, as Postmaster General, under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lance McDermott appeals pro se from the district court's judgment dismissing his action alleging that his employer violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Whistleblower Protection Act ("WPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly determined that McDermott's Title VII and ADEA claims were time-barred because McDermott did not file this action within 90 days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) (Title VII and ADEA claims were untimely because complaint was filed more than 90 days after EEOC's issuance of right-to-sue letter, even though earlier dismissed complaint was timely). The district court properly declined to apply equitable tolling because McDermott failed to establish grounds warranting such relief. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) ("Equitable tolling is . . . to be applied only sparingly, and courts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise

due diligence in preserving his legal rights[.]" (alteration, citation, and internal quotation marks omitted)).

The district court properly dismissed McDermott's claims under the WPA because it does not apply to the United States Postal Service ("USPS"). *See* 5 U.S.C. §§ 104(1), 105, 2105(e), 2302(a)(2)(C) (USPS excluded from WPA's definition of "agency," and USPS employees generally excluded from definition of "employee"); *see also* 39 U.S.C. § 201 (establishing USPS as an independent establishment of the executive branch of the United States Government); *Booker v. Merit Sys. Prot. Bd.*, 982 F.2d 517, 519 (Fed. Cir. 1992) (WPA does not apply to USPS).

McDermott's remaining contentions are unpersuasive.

**AFFIRMED.**