NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GERALD WILLIAMS, | ) | No. 17-35684 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:17-cv-00280-JCC |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| SONNY PERDUE, Secretary | ) | |
| of the U.S. Department of | ) | |
| Agriculture, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 11, 2018[**]
Seattle, Washington

Before: FERNANDEZ , CLIFTON, and NGUYEN, Circuit Judges.

Gerald Williams, an employee of the United States Forest Service ("USFS"),

appeals the district court's grant of summary judgment in favor of Sonny Perdue,

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the Secretary of the United States Department of Agriculture ("Department"), of which the USFS is a subagency. We affirm.

Williams asserts that the district court erred when it determined that his claim that he was subjected to a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964[1] was barred by the statute of limitations.[2] We disagree. When the Equal Employment Opportunity Commission issued its final order granting Williams' motion to withdraw his request for a hearing before an Administrative Law Judge so that he could "proceed in the United States District Court," notice of that action was sent to him by certified mail at his address of record, a post office box in the Darrington, Washington branch of the United States Postal Service. Williams was required to file his action within "90 days of receipt of notice." 42 U.S.C. § 2000e-16(c); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121–22 (9th Cir. 2007). That meant that he had to file within ninety days after the right to sue notice arrived at his address. *See Payan*, 495 F.3d at 1122; *see also Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997). He did not file within that time. No

_____

[1]42 U.S.C. §§ 2000e–2000e-17.

[2]*Id.* § 2000e-16(c).

evidence suggests that once the notice arrived at the Darrington branch, as it did, a postal notice of its availability for pickup was not placed in his post office box at that same office;[3] that postal notice was sufficient to demonstrate that he had received proper notice of the final order.[4] There is no evidence that Williams' attorney received the final action notice that was sent to her, but notice to Williams himself still sufficed to start the running of the statute. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93, 111 S. Ct. 453, 455–56, 112 L. Ed. 2d 435 (1990).

Nevertheless, Williams argues that the district court erred when it declined to apply the principle of equitable tolling to excuse his late filing of this action. However, on this record, the district court did not err. No doubt equitable tolling is available in this general area of the law,[5] but Williams has not shown that he has acted diligently and was prevented from making a timely filing of his action by

---

[3]*See Nelmida*, 112 F.3d at 381 n.1. We will presume that the postal service employees "properly discharged their official duties" in that regard. *Bracy v. Gramley*, 520 U.S. 899, 909, 117 S. Ct. 1793, 1799, 138 L. Ed. 2d 97 (1997) (internal quotation marks omitted).

[4]*Nelmida*, 112 F.3d at 384.

[5]*See Nelmida*, 112 F.3d at 384–85.

extraordinary circumstances of some kind.[6]  Williams had asked that the administrative process be terminated, yet he presents no evidence that he even bothered to check his address of record (his post office box) to see if he had received any notice of final action or otherwise.  Although he frequently worked at a place from which the post office could be reached during his lunch break, he says that he could not get to the pickup window at the post office in order to actually receive certified mail.  Even if that is so, it does not explain his failure to check his post office box from time to time, and he neither points to evidence that he did so, nor points to evidence that he could not do so.

AFFIRMED.

---

[6]*See Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); *Irwin*, 498 U.S. at 95–96, 111 S. Ct. at 457–58; *see also Scholar v. Pac. Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992).