**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM LEE, | No. 17-17552 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00603-APG-VCF |
| v. | |
| VENETIAN CASINO RESORT, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 19, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Plaintiff-appellant Sam Lee ("Lee") appeals from the grant of summary

judgment in favor of his former employer and defendant-appellee, Venetian Casino

Resort, LLC ("Venetian"), where Lee worked as a valet. The district court held

that Lee's complaint was time-barred, and declined to grant equitable tolling of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

limitations period. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A plaintiff must bring a Title VII employment discrimination action in federal court "within ninety days after the giving of" the EEOC's right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). The start of the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship,* 495 F.3d 1119, 1122 (9th Cir. 2007) (citing *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997); *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992)). In cases where actual receipt is undisputed but the date of receipt is unknown, we apply a rebuttable presumption that an EEOC letter is received three days after its date of issuance. *Id*.

The EEOC issued the right-to-sue notice in this case on October 18, 2016 and mailed it to Lee's address of record and to Venetian's attorney, but did not mail a copy to Lee's attorney. Lee acknowledged receiving the notice sometime in October 2016, but did not inform his attorney. Lee's attorney was unaware of the issuance of the notice until February 6, 2017, when he contacted the EEOC to inquire about it. The EEOC then sent Lee's attorney a copy of the notice and a letter stating that Lee had 90 days from February 6, 2017 to file suit. Lee thereafter filed his suit on February 24, 2017.

Applying the three-day mailing presumption, Lee's statute of limitations

period began running on October 21, 2016, and expired on January 19, 2017. Because Lee did not file his complaint in federal court until after this date, his suit was untimely. Contrary to Lee's assertion, the EEOC was not required to send a copy of the EEOC notice to Lee's attorney. *See* 29 C.F.R. § 1601.28. The EEOC's February 2017 letter to Lee's counsel also did not reset the statute of limitations period, which already had been triggered by the October 2016 notice. *See Nelmida*, 112 F.3d 380. Accordingly, the district court correctly found Lee's action time-barred.

The district court did not abuse its discretion in declining to grant equitable tolling. Equitable tolling is "readily available in extreme cases" based on a case-by-case analysis, *see Scholar*, 963 F.2d at 268 (citations omitted), and relief under the doctrine is applied "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts have been generally unforgiving when a late filing is due to claimant's failure "to exercise due diligence in preserving his legal rights." *Scholar*, 963 F.2d at 268 (citing *Irwin*, 498 U.S. at 96); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam). Although Lee had counsel, the EEOC served notice on Lee at his address, and Lee chose not to inform his attorney of the mailing. Lee has not shown that the district court abused its discretion in concluding that Lee's situation did not present an "extraordinary circumstance" warranting equitable tolling. *United States v. Kwai Fun Wong*, 135

3

S. Ct. 1625, 1631 (2015).

The district court, however, should not have granted Venetian's request to strike Lee's affidavit for two reasons. First, Lee's stricken testimony does not arise to the level of "'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). Second, the district court did not "make a factual determination that the contradiction was actually a 'sham,'" which is required before applying this sanction. *Id*. Nonetheless, striking the affidavit was harmless as it does not affect Lee's entitlement to relief on either statutory or equitable grounds. Accordingly, the district court's grant of summary judgment is **AFFIRMED.**