Aurelia SCHOLAR, Plaintiff/Appellant,

v.

PACIFIC BELL, a Pacific Telesis Company, a corporation, Defendant/Appellee.

No. 90–15939.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1991.

Decided April 30, 1992.

---

Ellen Lake, Oakland, Cal., for plaintiff/appellant.

Margaret deB. Brown, Sarah J. Diehl, Mary Lu Christie, Pacific Bell, San Francisco, Cal., for defendant/appellee.

Before: TANG and TROTT, Circuit Judges, and BURNS,* Senior District Judge.

JAMES M. BURNS, Senior District Judge:

Ms. Scholar appeals the district court's grant of summary judgment to Pacific Bell and dismissal of her claims for relief arising from alleged discriminatory employ-

---

* The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation.

ment practices by Pacific Bell, 1990 WL 364626. Ms. Scholar also appeals the district court's denial of her motion for leave to file a second amended complaint.

We have jurisdiction under 28 U.S.C. § 1291 (1988).

## BACKGROUND

Ms. Scholar was an employee of Pacific Bell and its predecessor entity for approximately 17 years. She was employed in nonsalaried, nonmanagement positions governed by collective bargaining agreements. In 1980 Ms. Scholar's name was included in Pacific Bell's "Ready Now" Binder, a list of nonsalaried employees selected by their supervisors as candidates for promotion to management as positions became available. Although Ms. Scholar was never promoted to a management position during her long tenure with Pacific Bell, she does not challenge Pacific Bell's employment practices prior to the events triggering this dispute.

In 1986 employees listed in the Ready Now Binder were reevaluated. Ms. Scholar's name was removed from the binder in 1987 following a fresh performance evaluation by her immediate supervisor; review of her employment record and current evaluation by the district's five engineering managers; and approval of the reviewers' decision by Arthur Scholar, District Manager and husband of Ms. Scholar. In 1988 Ms. Scholar took disability retirement. On February 2, 1989, she brought this action against Pacific Bell to recover back pay and to obtain contract damages and reinstatement to the management position she believes she should have had based on merit.

The district court granted Pacific Bell's motion for summary judgment on the grounds that federal labor law preempted Ms. Scholar's claim for breach of an implied-in-fact employment contract under state law and that no evidence of disparate treatment was established. The district court also denied Ms. Scholar's motion for leave to file a second amended complaint on the grounds that adding a claim of racial discrimination pursuant to 42 U.S.C. § 1981 (1988) would be repetitive of the claims already stated and, therefore, futile.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo*. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The appellate court's review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

A district court's decision to deny leave to amend a pleading is reviewed for abuse of discretion. *Klamath–Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.), *cert. denied*, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983).

## DISCUSSION

Although the district court did not grant summary judgment to respondent based on Ms. Scholar's failure to file her cause of action within the statutory time limit, we can affirm "on any ground supported by the record, provided the parties have had the opportunity to discuss it in their briefs." *Paskaly v. Seale*, 506 F.2d 1209, 1211 n. 4 (9th Cir.1974). *See also Lakeview Dev. Corp. v. City of South Lake Tahoe*, 915 F.2d 1290, 1299 (9th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2890, 115 L.Ed.2d 1055 (1991). Ms. Scholar's failure to file her Title VII action within the prescribed statutory period was raised in Pacific Bell's motion for summary judgment and presented to this court in the parties' briefs; counsel also devoted substantial time to the topic in oral argument before this court. We, therefore, affirm the district court's grant of summary judgment to respondent on the grounds that Ms. Scholar's failure to file her Title VII claim within the time limits prescribed by statute bars this action.

When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it is required to notify claimant and to inform claimant that she has 90 days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1) (1988).[1] The requirement for filing a Title VII civil action within 90 days from

**1.** 42 U.S.C. § 2000e–5(f)(1) provides in part:

If a charge filed with the Commission pursu-

ant to subsection (b) of this section is dis-

the date EEOC dismisses a claim constitutes a statute of limitations. *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir.1990). If claimant fails to file within 90–day period, the action is barred accordingly. *Id.*

On October 26, 1988, EEOC sent Ms. Scholar a letter by certified mail informing her it had dismissed her claim and that she had 90 days from receipt of the letter to file a civil action. EEOC's "right-to-sue" letter was received at Ms. Scholar's house on November 1, 1988, and the return receipt was signed by her daughter. Ms. Scholar contends she did not personally see the letter until a few days later; the 90–day period did not begin to run until she personally received the letter; and, therefore, the civil action she filed February 2, 1989, was timely. For these reasons, Ms. Scholar argues we should return her case to the district court for a full trial. We reject this argument.

This court has not specifically addressed the issue of timeliness in filing a Title VII civil action under the fact scenario at hand [2]; however, we agree with the reasoning of the Fourth, Fifth, and Eleventh Circuits.[3] *See Harvey v. City of New Bern Police Dep't.*, 813 F.2d 652, 653–54 (4th Cir.1987) (court held 90–day period began when EEOC's right-to-sue letter was received by claimant's wife even though claimant did not learn of letter until six days later); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1248–50 (5th Cir. 1985) (court held 90–day period began when EEOC's right-to-sue letter was received by claimant's wife even though claimant did not learn about the letter until he returned from out of town eight days later); and *Law v. Hercules, Inc.*, 713 F.2d 691, 692–93 (11th Cir.1983) (court held 90–day period began when claimant's 17–year–old son signed return receipt for EEOC's right-to-sue letter in spite of claimant's contention he did not see the letter until one or two days later).

The language of the statute establishes the 90–day period as running from the "giving of such notice" rather than from the date claimant actually "receives" notice in hand. 42 U.S.C. § 2000e–5(f)(1). *See also Espinoza*, 754 F.2d at 1248–50. Ms. Scholar was given notice when the right-to-sue letter sent certified mail by EEOC was received and signed for by Ms. Scholar's daughter November 1, 1988, at Ms. Scholar's place of residence; thus, expiration of the 90–day period was January 30, 1989. Ms. Scholar acknowledges she read the letter a few days after it was delivered to her home and that she understood its contents. Ms. Scholar filed this civil action February 2, 1989, three days after the statute of limitations expired.

A statute of limitations is subject to the doctrine of equitable tolling; therefore, relief from strict construction of a statute of limitations is readily available in extreme cases and gives the court latitude in a case-by-case analysis. *See Harvey*, 813 F.2d at 654. *See also Espinoza*, 754 F.2d at 1250. The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court

---

missed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved....

**2.** Ms. Scholar contends this court indicated its interpretation of notice as it applies to 42 U.S.C. § 2000e–5(f)(1) when it stated in a footnote to *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286 n. 3 (9th Cir.1977), that "actual notification" of the 90–day period is required. In the footnote to *Lynn* the court was addressing the fact that the 90–day period begins to run when claimant receives the right-to-sue letter rather than when the letter is dispatched; the court's comments were not made in the context of the facts before us.

**3.** Ms. Scholar relies upon *Franks v. Bowman Transp. Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), and *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210 (7th Cir.1978), *inter alia*, to support her position. The Fifth Circuit, however, distinguishes both *Franks* (one of its own cases) and *Archie* by pointing out that both cases were decided before it was determined that the 90–day requirement was a statute of limitation rather than a jurisdictional prerequisite. *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir.1985).

has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate. *See Irwin v. Veterans Admin.,* — U.S. ——, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). *See also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984) (per curiam). Courts have been generally unforgiving, however, when a late filing is due to claimant's failure "to exercise due diligence in preserving his legal rights." *Irwin,* 111 S.Ct. at 458. We find this to be the case here.

■ Ms. Scholar contends she learned of the letter some time between November 8 and November 15, 1988, a few days after her daughter signed for it. The only corroborating evidence presented was the statement by her psychiatrist as to when she told him about the letter. As the Eleventh Circuit cogently put it, "[t]here is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir.1982). Even if we accept Ms. Scholar's statements as fact, she still had 76–83 days in which to preserve her legal rights; Ms. Scholar offers no explanation as to why this was not sufficient time in which to commence her action.

Ms. Scholar has made no showing to justify invocation of the doctrine of equitable tolling. We find Ms. Scholar's Title VII civil action was filed after the 90–day statute of limitations expired and is, therefore, barred.

## CONCLUSION

We find Ms. Scholar's cause of action is foreclosed because she did not file her Title VII civil action in a timely fashion in accordance with the statutory requirements. As a result, we do not reach the other issues presented by Ms. Scholar on appeal. Further, we decline to exercise jurisdiction over the state claims because the federal claims were dismissed before trial.[4]

The district court's grant of summary judgment to Pacific Bell is hereby affirmed.

AFFIRMED.

---

**4.** "When federal claims are dismissed before trial, ... pendent state claims also should be dismissed." *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 651 (9th Cir.1984) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).