983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel LOVE, Plaintiff-Appellant,
v.
HARSH INVESTMENT CORPORATION, Defendant-Appellee.
 No. 92-35394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 12, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Love appeals pro se the district court's order granting Harsh Investment Corp.'s motion for summary judgment in an action alleging race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Love contends that he did not receive adequate notice of his right to sue or, in the alternative, his delay in filing suit should be subject to equitable tolling. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a grant of summary judgment to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court has applied the correct substantive law. FDIC v. Woodside Construction, Inc., No. 91-36234, slip op. 13303, 13307 (9th Cir. Nov. 6, 1992).
 
 
 4
 Love contends that the fact that the notification of his right to sue was contained in an unsigned letter rendered that notice inadequate as a matter of law. This contention lacks merit.
 
 
 5
 Title VII provides that if a charge is dismissed by the EEOC, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The EEOC notice must inform the person aggrieved of his right to sue and the ninety-day filing period. Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992). Nowhere in the statute is there a requirement that the notification must be by a signed document.
 
 
 6
 On October 5, 1989, the EEOC issued a final Letter of Determination agreeing with a previous no cause determination and dismissing Love's Title VII claim. Love never received this letter due to a change in address. On December 4, 1990, Love contacted the EEOC by telephone and learned that "his case had been closed for some time." Upon request, he received the final Letter of Determination at his new address on December 5, 1990. The letter included an explanation of his right to sue: "IF A CHARGING PARTY DECIDES TO SUE, CHARGING PARTY MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THE DETERMINATION, OTHERWISE THE RIGHT TO SUE IS LOST." (capitalization in original). The letter had a signature line for Michael Dougherty, Acting Director of the EEOC Determinations Review Program, but was not personally signed.
 
 
 7
 Because 42 U.S.C. § 2000e-5(f)(1) does not require the notice letter to be signed, the absence of Michael Dougherty's signature did not affect the validity of the final Letter of Determination received by Love on December 5, 1990. This letter properly notified Love of his right to sue within ninety days. 42 U.S.C. § 2000e-5(f)(1); Scholar, 963 F.2d at 267.
 
 
 8
 Love also contends that his case warrants an equitable tolling of the ninety-day filing period. This argument also lacks merit.
 
 
 9
 When equitable tolling is at issue, summary judgment is appropriate where the facts alleged could not reasonably be construed as permitting the tolling. Aronsen v. Crown Zellerbach, 662 F.2d 584, 595 (9th Cir.1981), cert. denied, 459 U.S. 1200 (1983).
 
 
 10
 The ninety-day filing period for Title VII claims is a statute of limitations, subject to equitable tolling. Scholar, 963 F.2d at 267; Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174 (9th Cir.1986), amended on other grounds, 815 F.2d 570 (1987). Federal courts, however, have "typically extended equitable relief only sparingly." Irwin v. Veterans Administration, 498 U.S. 89, 111 S.Ct. 453, 457-458 (1990); see also Scholar, 963 F.2d at 268 (equitable tolling permitted when statute of limitations not complied with due to defective pleadings, when opposing party engaged in misconduct, or when notice clearly inadequate). Courts have been even less forgiving where the claimant failed to exercise "due diligence in preserving his legal rights." See Scholar, 963 F.2d at 268 (quoting Irwin, 111 S.Ct. at 458).
 
 
 11
 Love filed the present action in federal district court on April 1, 1991, almost four months after notification of his right to sue on December 5, 1990, and well past the ninety-day filing period. Love explains that his delay in filing was due to his inability to find an attorney willing to represent him. He has not shown due diligence or a basis to justify invocation of the doctrine of equitable tolling. See Irwin, 111 S.Ct. at 457-458; Scholar, 963 F.2d at 268. As alleged, the facts could not reasonably be construed to permit equitable tolling. See Aronsen, 662 F.2d at 595.
 
 
 12
 Because Love had adequate notice of his right to sue as of December 5, 1990, and his case is not one warranting an equitable tolling, we find that Love's Title VII civil action was filed after the ninety-day statute of limitations expired and the district court properly granted summary judgment on this basis. See 42 U.S.C. § 2000e-5(f)(1); Irwin, 111 S.Ct. at 457-458; Scholar, 963 F.2d at 268.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Love's "Motion Disallowing Defendant's Deposition Transcript," dated July 28, 1992 and filed September 18, 1992, is denied