19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Horace M. CHAMBERS, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary, Department of the Army,
Defendant-Appellee.
 No. 93-15115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horace M. Chambers appeals the district court's summary judgment in favor of the Secretary of the Army in his employment discrimination action. Chambers contends the district court erred by concluding he failed to timely exhaust his administrative remedies because the time for filing an appeal to the Equal Employment Opportunity Commission (EEOC) (1) did not begin to run until he received actual notice of the final decision and (2) was equitably tolled. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's ruling that an employee's claims are barred for failure to timely exhaust administrative remedies. Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 768 (9th Cir.1991).
 
 
 4
 * Receipt of EEOC Notice
 
 
 5
 Federal employees alleging employment discrimination against the government must timely exhaust their administrative remedies before filing a lawsuit. 42 U.S.C. Sec. 2003e-16. Failure to do so bars the federal action. Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992).
 
 
 6
 In this case, Chambers was required to file a notice of appeal with the EEOC "at any time up to 20 calendar days after receipt of the agency's notice of a final decision" on his complaint. 29 C.F.R. Sec. 1613.233 (1993). The agency sent its final decision by certified mail to Chambers' residence and Chambers' stepson signed for it on March 12, 1991. Because Chambers did not appeal until April 15, 1991, he did not timely exhaust his administrative remedies and his federal suit was barred. See Scholar, 963 F.2d at 267.
 
 
 7
 Chambers attempts to avoid this result by arguing that the 20-day time period did not begin to run until he received actual notice of the final decision on April 15, 1991. Chambers' argument is foreclosed by Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990), in which the Supreme Court held that "[t]o read the term 'receipt' to mean only 'actual receipt by the claimant' ... would be to encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of law where certainty is much to be desired." See also Scholar, 963 F.2d at 267 (time period began to run when claimant's daughter signed for right-to-sue letter at claimant's house, not when claimant discovered it a few days later).[1]
 
 II
 Equitable Tolling
 
 8
 Chambers next argues that the doctrine of equitable tolling applies and renders his appeal timely.
 
 
 9
 The administrative time limits are subject to equitable tolling. Irwin, 498 U.S. at 95. The equitable tolling doctrine applies when "extraordinary circumstances beyond plaintiff['s] control made it impossible to file the claims on time." Seattle Audubon Soc'y v. Robertson, 931 F.2d 590, 595 (9th Cir.1991), rev'd on other grounds, 112 S.Ct. 1407 (1992); see also Scholar, 963 F.2d at 267 (equitable tolling doctrine applied sparingly).
 
 
 10
 Here, Chambers' stepson, who is in a conservatorship due to a mental disability, signed for the certified letter on March 12, 1991. At that time, Chambers was out-of-town on a work assignment. He returned home on March 29, 1991, but his stepson did not tell him about the letter. On April 1, 1991, Chambers wrote the EEOC to request its intervention in obtaining a final decision. By chance, on April 15, 1991, Chambers discovered the final decision under a stack of magazines and immediately appealed.
 
 
 11
 Chambers argues these circumstances constitute grounds for equitable tolling. We disagree because the management of Chambers' household was within his control. For example, Chambers could have averted the mishap by arranging for delivery at his office or for restricted delivery at his residence. See Irwin, 498 U.S. at 96 (equitable tolling not applicable because attorney's absence from country when final decision arrived amounted to "a garden variety claim of excusable neglect").
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Chambers' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Chambers argues he was not aware that actual notice was not required, we note that ignorance of the law is not an excuse. See, e.g., Kyle v. Campbell Soup Co., No. 92-16826, slip op. 29, 34 (9th Cir. Jan. 4, 1994) (no excusable neglect for filing a late post-trial motion when attorney misread the rules); Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992) (ignorance of governing rule does not excuse untimely service)