69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramnik M. TRIVEDI, Petitioner,
v.
UNITED STATES DEPARTMENT OF DEFENSE; Northrop Corporation,
Respondents.
 No. 94-70098.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1995.
Decided Sept. 27, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and SAMUEL P. KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 We review de novo the administrative law judge's (ALJ) decision in this case. Tovar v. United States Postal Service, 3 F.3d 1271, 1278 (9th Cir.1993).
 
 
 4
 Although the alleged discriminatory act in this case occurred on July 27, 1990, when Northrop laid off Trivedi, he did not file his discrimination charge with the office of the special counsel until approximately 16 months later, which is well outside the 180 day period provided in 8 U.S.C. Sec. 1324b(d)(3). As a result, the ALJ held that Trivedi's claim of citizenship status discrimination was untimely because he failed to file it within the 180 day filing period. See 8 U.S.C. Sec. 1324b(d)(3). Further, the ALJ held that there was no equitable basis for tolling the filing period. We agree.
 
 
 5
 Generally, equitable tolling is available to extend filing periods such as the 180 day filing period in this case. See, e.g., Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.1992). However, we extend "equitable relief only sparingly." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). It is inappropriate "where the claimant failed to exercise due diligence in preserving his legal rights," (Id. (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)) and does not "extend to ... a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.
 
 
 6
 Trivedi was not misled nor tricked by Northrop into allowing the filing deadline to pass. Indeed, he tried to consult counsel during the allowed time, but could not afford the demanded retainers. These efforts, though unsuccessful, indicate that he was making his own attempts to vindicate his rights.
 
 
 7
 Trivedi did not follow the advice received from the California Department of Fair Employment and Housing (CDFEH) to file with the Equal Employment Opportunity Commission (EEOC). His argument for equitable relief would be stronger if he had followed the CDFEH's advice and filed a claim with the EEOC, even if he brought his claim after the filing period expired. As it is, his claim appears to be a garden variety case of neglect of his rights.
 
 
 8
 Trivedi's reliance on the Fifth Circuit's decision in Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924 (5th Cir.1975) is misplaced. There, the claimant was told she was terminated because of lack of funding. She later found out her position had been filled by a lesser qualified male. The Fifth Circuit held that the filing period did not begin to run until the facts were known to her.
 
 
 9
 In the present case, Trivedi does not claim that Northrop's basis for discharge was a pretextual cover for citizenship status discrimination. Northrop informed Trivedi he was being laid off for lack of available work. Thus, Trivedi had all the facts concerning his discharge that were necessary to protect his rights at the time his discharge occurred. Even if his old group at Northrop continued to work, it does not show that the stated basis for his discharge was a pretext.
 
 
 10
 Finally, although Northrop may not be prejudiced if the filing period were tolled, the absence of prejudice is not a consideration unless there is an additional basis for equitable tolling. See Baldwin County Welcome Center, 466 U.S. at 152 (holding that prejudice is not "an independent basis for invoking the doctrine [of equitable tolling] and sanctioning deviations from established procedures.") Trivedi has established no basis for equitable tolling; thus, the absence of prejudice to Northrop is irrelevant.
 
 
 11
 Because equitable tolling does not apply to Trivedi's case, we need not discuss the other issues he raises.
 
 
 12
 Petition for review DENIED. No costs allowed.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3