97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley A. BELL, Plaintiff-Appellant,
v.
William J. PERRY, Secretary, Department of Defense,
Defendant-Appellee.
 No. 95-17221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirley A. Bell appeals pro se the district court's summary judgment in favor of defendants in Bell's employment discrimination action and dismissal of the complaint, because Bell did not timely file a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994), and we affirm.
 
 
 3
 Here, the deadline for Bell to file a formal complaint with the EEOC was September 24, 1993, but she filed her complaint four days past the filing deadline on September 28, 1993. The EEOC dismissed the complaint as untimely and held no mitigating circumstances warranted equitable tolling. The district court agreed and dismissed her complaint filed in the district court. See 29 C.F.R. § 1613.214(a)(1)(ii) (1995).
 
 
 4
 Here, Bell contends that she missed the deadline because she was trying to find affordable housing and was preparing her daughter for preschool. "Federal courts have typically extended equitable relief only sparingly." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Although equitable tolling is allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass[, w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." See id.; accord Scholar v. Pacific Bell, 963 F.2d 264, 267-68 (9th Cir.1992).
 
 
 5
 The district court did not abuse its discretion in granting summary judgment to the defendant holding that the statute of limitations barred the EEO complaint. Without exhaustion before the EEOC, the district court properly dismissed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bell's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3