**Tomlin Braxton HORSLEY, Petitioner,**

v.

**EXECUTIVE OFFICE OF IMMIGRATION REVIEW, Office of the Chief Administrative Hearing Officer, Respondent,**

**Superior Temporary Services, Inc., Real Party in Interest.**

No. 00–71664.

OCAHO No. 99B00045.

United States Court of Appeals, Ninth Circuit.

Argued and submitted May 14, 2002.

Decided June 5, 2002.

Before SNEED, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

On Petition for Review of an Order of the Executive Office for Immigration Review

Tomlin Braxton Horsley ("Horsley") petitions for review of the decision of the Office of the Chief Administrative Hearing Officer ("OCAHO"), dismissing as untimely his discrimination claim filed pursuant to the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1324b. The Administrative Law Judge ("ALJ") found that Horsley had not timely filed his claim and that equitable tolling would not excuse his neglect. We have jurisdiction pursuant to 8 U.S.C. § 1324b(i)(1). The agency's conclusions of law concerning IRCA are reviewed de novo, with a "certain amount of deference" to reasonable statutory interpretations. *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir.1989). We deny the petition for review.

The ALJ properly held that Horsley's OCAHO complaint, filed 917 days after the receipt of the right-to-sue letter, was not filed within the 90–day time limit. *See* 8 U.S.C. § 1324b(d)(2). The ALJ also properly found that equitable tolling was not appropriate when Horsley knew and understood that he had to file within 90 days

---

of the receipt of the right-to-sue letter but decided not to file the complaint because he was unsure whether his case was "without reasonable foundation in law or fact." Even if we generously tolled the limitations period until the date on which the agency provided all of the information Horsley had requested, the complaint was not filed for another six months-well beyond the 90-day limitations period. As "there is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless," we deny the petition for review. *Scholar v. Pacific Bell,* 963 F.2d 264, 268 (9th Cir.1992).

DENIED.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.