**Carol A. ZASTERA, Plaintiff—Appellant,**

v.

**Les BROWNLEE, Acting Secretary, Department of the Army,\* Defendant—Appellee.**

No. 01–16990.

D.C. No. CV–99–00577–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2004.

Decided Feb. 19, 2004.

---

\* Les Brownlee became Acting Secretary of the Army on May 10, 2003, and is substituted for his predecessors, Thomas E. White, James G. Roach, and Luis Caldera, pursuant to Fed. R.App. P. 43(c)(2).

Appeal from the United States District Court for the District of Arizona; James C. Curruth, Magistrate Judge, Presiding.

Carol A. Zastera, pro se, Sierra Vista, AZ, Barbara Scott Girard, ABS Legal Services LLC, Lawrence, KS, for Plaintiff–Appellant.

Bruce M. Ferg, Deputy Atty. Gen., Monte C. Clausen, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Defendant–Appellee.

Before WALLACE, McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

### I

### INTRODUCTION

Plaintiff Carol A. Zastera appeals from a summary judgment dismissing the claims she asserted against her former employer, the Department of the Army ("Army"), under Title VII of the Civil Rights Act. We review this judgment de novo, drawing all reasonable inferences from the evidence in the light most favorable to Zastera. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir.2003); *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 984–85 (9th Cir. 2003). Because Zastera failed to present a triable issue of material fact regarding any of her claims, we affirm the judgment. We hold that this decision moots the Army's two motions to strike portions of Zastera's Excerpts of Record.

### II

### DISCUSSION

The employment actions on which Zastera bases her claims can be divided into

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

three categories; to wit, 1) the hiring process, regarding a position she desired but for which she was not selected in early 1993, 2) her termination, which occurred later in 1993, and 3) the alleged refusal to reinstate her thereafter.

## A. Claims Regarding the Hiring Process were Untimely

█ The Equal Employment Opportunity Commission ("EEOC") notified Zastera in March 1995 that it was rejecting the claims pertaining to the hiring process in early 1993. This written notification alerted Zastera that she could file a civil action on those claims, as long as she did so within ninety days. She did not file a civil action until 1999, far beyond the deadline mandated by the applicable statute of limitations. 42 U.S.C. § 2000e–5(f)(1).

Zastera asserts that the ninety-day deadline should be subject to equitable tolling, claiming that she was not represented by legal counsel upon receipt of the EEOC's notice or before the ninety-day deadline expired in 1995. Assuming that she did not have access to a lawyer during that period, the record discloses that Zastera was represented by an attorney, Minnette Burges, between October 1996 and April 1998. Thus, there is no basis to toll the ninety-day limitations period during those eighteen months. *See Scholar v. Pacific Bell,* 963 F.2d 264, 267–68 (9th Cir.1992). In sum, Zastera's civil action alleging unlawful hiring practices was untimely, and the doctrine of equitable tolling does not mandate a different conclusion.

Zastera also insists that the Army should be equitably estopped from raising a statute of limitations defense because its wrongful conduct prevented her from filing a timely claim with the Army's Equal Employment Opportunity Office. Although Zastera contends that her original *administrative claim* should not have been dismissed as time barred, she does not explain how the doctrine of equitable estoppel applies to prevent the Army from raising a statute of limitations defense in her *federal action. See Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176–78 (9th Cir.2000).

## B. There Was No Triable Issue of Fact Regarding the Termination Claims

Turning to Zastera's timely claims regarding her termination, she was faced with the burden of establishing a prima facie case of discrimination or retaliation in order to avoid summary judgment. *See Stegall v. Citadel Broad. Co.,* 350 F.3d 1061, 1065–66 (9th Cir.2003) (retaliation claim); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002) (discrimination claim).

### 1. No Evidence of Pretext Regarding the Discrimination Claim

█ Assuming, without deciding, that Zastera's evidence established the prima facie elements of her discrimination claim, the burden of production shifted to the Army to tender a legitimate explanation for Zastera's termination. *Villiarimo,* 281 F.3d at 1062. The Army met this burden by explaining that regulations mandated abolishing Zastera's temporary position as a consequence of the early retirement of Masie German, who held a permanent position in Zastera's job series. Ergo, the burden shifted back to Zastera to show, by a preponderance of the evidence, that the Army's explanation was pretextual; that is, that the proffered reason was not credible, or that discriminatory or retaliatory motives more likely spurred the decision to terminate her. *Id.* at 1062.

Trying to carry that burden, Zastera argues that the regulation calling for the abolishment of temporary positions was only applicable during an actual Reduction

In Force ("RIF"), and that the lack of an actual RIF at the time of her ultimate termination demonstrates pretext. However, her interpretation of the regulation is not accurate. Evidence in the record concerning the regulation leaves no doubt that a permanent employee, like German, could only qualify for early retirement if, among other things, her position was *scheduled* to be eliminated under a RIF. It does not appear that the regulation required the subsequent occurrence of a RIF for the early retirement to be valid, or for the abolishment of certain positions to be triggered. Zastera's termination, then, was not a consequence of a RIF, but the result of reduced funding for an abolished position due to German's early retirement.

Zastera does not dispute that a RIF was anticipated in early 1993, nor does she deny that German's position was scheduled to be abolished under a then-anticipated RIF, or that German otherwise qualified for early retirement. Likewise, the reasons underlying Lt. Col. Elder Granger's decision to grant German's request were legitimate and not contradicted in the record. In sum, there is no evidence that Granger's reasons for granting German's request for early retirement were unworthy of credence or that they were more likely motivated by some unlawful animus.

Zastera indirectly purports that pretext was established by the Army's failure to offer a credible explanation as to why similarly situated employees outside her protected class were treated more favorably; specifically, a number of other temporary employees whose positions were also abolished. There is no evidence to contradict the fact that Col. Edward Haines made the decision to convert temporary employees in clerical jobs to vacant, permanent positions, while declining to convert professional employees, like Zastera, to permanent slots. Further, the record does not

establish that Haines had any information about the race or gender of the various temporary employees affected by such an approach when he made this decision, nor does it indicate that his perceptions (regarding a lack of clerical employees and an abundance of professional ones) were unreasonable.

Thus, there are no facts to support an inference that discrimination more likely motivated Haines' decision or that the Army's explanation is less than credible. *See Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–98 (9th Cir.2003) (explaining that it is not proper to impute knowledge of a plaintiff's race to the decision maker, and that the lack of such knowledge defeats such claims). By the same token, there is no triable issue of material fact concerning pretext to support Zastera's claim of discriminatory termination.

### 2. No Evidence of Causation to Support the Retaliation Claim

To establish a prima facie case of retaliation, Zastera had to demonstrate that: 1) she engaged in some protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between her protected activity and the adverse action. *See Id.* at 1196–97. Zastera's evidence raised triable issues of fact concerning her allegedly protected activities, and the Army did not deny that she suffered an adverse action in being terminated. With just the causal link left to debate, Zastera emphasizes that a close proximity in time between the allegedly protected activities and the adverse action can support an inference of causation.

However, an inference of causation from proximity in time is only permissible when it can be demonstrated that the person who ordered the adverse action was aware of the protected activity. *Id.* at 1197.

Here, the evidence leaves no doubt that Granger made the decision to grant German's request for early retirement, which triggered Zastera's termination. At the same time, it consistently indicates that Haines decided against converting temporary, professional employees (whose jobs had been abolished) to vacant, permanent positions. The record does not show that Granger was aware of Zastera's asserted protected activities when he granted German's request for early retirement, nor does it establish that Haines was aware of such activities upon deciding to transition only clerical employees to permanent slots. Therefore, Zastera lacks evidence of causation to support her claim of retaliatory termination.

C. Refusing to Reinstate is not an Actionable Personnel Decision

■ Zastera's remaining claims center around a decision against reinstating her position when it became possible to do so, and a decision against opening a different position to non-federal employees (which disqualified Zastera from competing for it). Whether framed as discrimination or retaliation claims, and regardless of the identity of the decision maker, Zastera's challenges to these decisions are not meritorious.

That is so because failing to open—or, by analogy, failing to reopen—a position does not constitute an adverse job action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (a prima facie case of discrimination requires "a job for which the employer was seeking applicants"); *Chavez v. Tempe Union High Sch. Dist. No. 213*, 565 F.2d 1087, 1091 n. 4 (9th Cir.1977) ("a job vacancy is essential");

*McAlindin v. County of San Diego*, 192 F.3d 1226, 1238–39 (9th Cir.1999) (employer's refusal to extend a right of return is not an adverse action).

## III

### *CONCLUSION*

In conclusion, Zastera's unlawful-hiring-practices claims were untimely, the evidence did not support an inference of pretext or causation on her wrongful-termination claims, and there is no merit to her failure-to-retain or failure-to-open claims. Accordingly, we affirm the judgment of the district court.

AFFIRMED