Ruthann Taylor **CORBIN**,
Plaintiff–Appellant,

v.

**UNITED AIRLINES; et al.,**
Defendants–Appellees.

No. 07–15153.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008 [*].

Filed Sept. 8, 2008.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ruthann Taylor Corbin, Las Vegas, NV, pro se.

Wendy Krincek, Esq., Littler Mendelson, PC, Las Vegas, NV, Sandra Ketner, Esq., Reno, NV, for Defendants–Appellees.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Ruthann Taylor Corbin appeals pro se from the district court's judgment dismissing her complaint against her former employer as barred by the statute of limitations pursuant to 42 U.S.C. § 2000e–5(f)(1). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004). We affirm.

The district court properly dismissed Corbin's action as time-barred because she filed her complaint after the ninety-day period within which to file suit. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir.1997) (holding that the ninety-day period within which to file suit began running when the Equal Employment Opportunity Commission ("EEOC") attempted delivery of the right-to-sue notice at the address of record). The district court properly concluded that equitable tolling was inapplicable because Corbin failed to notify the EEOC of her change of address as required by 29 C.F.R. § 1601.7(b). *See Nelmida*, 112 F.3d at 385 (explaining that equitable tolling was not available to a plaintiff who was not diligent in ensuring that she receive the right-to-sue notice because she failed to notify the EEOC of her change in address); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir.1992) ("Courts have been generally unforgiving ... when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'") (citation omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

