**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRASAD SHANKAR, | No. 09-17381 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01769-JW |
| v. | |
| HSBC, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted December 14, 2010 [**]

Before:     GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Prasad Shankar appeals pro se from the district court's summary judgment in

favor of HSBC, Inc. in his employment action alleging retaliation in violation of Title

VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Learned v.*

*City of Bellevue*, 860 F.2d 928, 931 (9th Cir. 1988), and we affirm.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment. Shankar's claims based on his first and second Equal Employment Opportunity Commission ("EEOC") charges are time barred because he filed his lawsuit more than 90 days after the EEOC issued right-to-sue letters. *See* 42 U.S.C. § 2000e-5(f)(1); *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."). Regarding the claims in his third EEOC charge, Shankar failed to raise triable issues as to whether he engaged in protected activity and whether his termination was causally connected to the alleged protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (18-month lapse between protected activity and an adverse employment action is too long to give rise to an inference of causation); *Learned*, 860 F.2d at 932 (complaining about conduct not prohibited by Title VII does not constitute protected activity); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity.").

Shankar's remaining contentions are unpersuasive.

We deny Shankar's motion to supplement the record. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**