NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD R. HUBBARD,

          Plaintiff-Appellant,

  v.

KAISER FOUNDATION HEALTH PLAN;
et al.,

          Defendants-Appellees.

No. 16-56399

D.C. No. 3:14-cv-01925-H-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

     Richard R. Hubbard appeals pro se from the district court's summary

judgment in his employment action alleging gender discrimination in violation of

Title VII and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Hubbard's Title VII claim because the claim was barred by the statute of limitations. *See* 42 U.S.C. § 2000e-5(f)(1); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (a charge filed with California's Department of Fair Employment and Housing is deemed to have been received by the U.S. Equal Employment Opportunity Commission the same day; plaintiff is entitled to a federal right-to-sue notice within 180 days, after which plaintiff has 90 days to commence a civil action under Title VII); *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (90-day deadline to file a Title VII action "constitutes a statute of limitations" and if plaintiff "fails to file within [the] 90-day period, the action is barred"). Contrary to Hubbard's contention, his filing of a complaint in state court does not justify the application of equitable tolling because the state court complaint did not contain a Title VII claim, and the complaint was filed after the deadline for filing his Title VII claim had passed. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

2

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Hubbard's state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

The district court did not abuse its discretion in denying Hubbard's motion seeking disqualification of the district and magistrate judges because Hubbard failed to establish any grounds for such relief. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

Hubbard's motion to supplement the record on appeal (Docket Entry No. 14) is granted.

We reject as without merit Hubbard's contentions that the district judge was biased and retaliated against him.

Hubbard's motion for oral argument (Docket Entry No. 18) is denied.

**AFFIRMED.**

3