NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY LIU, AKA Amy Chen Liu, | No. 17-15194 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-04958-PJH |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA, BERKELEY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Amy Liu appeals pro se from the district court's summary judgment in her

employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Am. Tower Corp. v. City of San*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on Liu's Title VII discrimination, hostile work environment, and retaliation claims arising from Liu's layoff because Liu failed to exhaust her administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (setting forth exhaustion requirement for Title VII claims).

The district court properly granted summary judgment on Liu's Title VII retaliation claim arising from her job search with the university from 2009 to 2011 because the claim was barred by the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(f)(1); *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (90-day deadline to file a Title VII action "constitutes a statute of limitations" and if plaintiff "fails to file within [the] 90-day period, the action is barred"). Moreover, the district court properly concluded that Liu did not establish a continuing violation of her rights. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002) (discussing continuing violations doctrine).

The district court properly granted summary judgment on Liu's Title VII retaliation claim based on her job search with the university from 2013 to 2015 because Liu failed to raise a genuine dispute of material fact as to whether there

2                                                                                          17-15194

was a causal connection between any protected activity and an adverse action. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (prima facie case of retaliation under Title VII).

The district court properly granted summary judgment on Liu's retaliation claim under California law because Liu failed to establish a prima facie case. *See Patten v. Grant Jt. Union High Sch. Dist.*, 37 Cal. Rptr. 3d 113, 117 (Ct. App. 2005) (prima facie case of retaliation under Cal. Lab. Code § 1102.5).

The district court properly granted summary judgment on Liu's defamation claim because it was barred by the applicable statute of limitations. *See Shively v. Bozanich*, 80 P.3d 676, 685 (Cal. 2003) (statute of limitations for defamation under Cal. Civ. Proc. Code § 340(c) is one year).

The district court properly granted summary judgment on Liu's due process claim because Liu failed to raise a genuine dispute of material fact as to whether the university denied her procedural due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976) (setting forth requirements for procedural due process).

The district court properly granted summary judgment on Liu's claim for breach of constitutional rights because it is derivative of her retaliation, defamation, and due process claims.

17-15194

We reject as unsupported by the record Liu's contention that the district court erred in finding that defendant's discovery response was timely.

We do not consider arguments and allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**