NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA HOLMES,

           Plaintiff-Appellant,

  v.

TACOMA PUBLIC SCHOOL DISTRICT NO. 10; JOHN/JANE DOES 1-5,

           Defendants-Appellees.

No.   17-35673

D.C. No. 3:16-cv-05317-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 30, 2018[**]
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

     Sandra Holmes appeals the district court's order granting summary judgment

in favor of Tacoma Public School District No. 10 ("the District") in an action

asserting claims of wrongful termination and discrimination on the basis of her

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

race, disability, and age. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in concluding that Holmes' Title VII claims are barred by her failure to exhaust her administrative remedies. A plaintiff alleging employment discrimination must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *Nat'l Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 104–05 (2002). Similarly, a plaintiff alleging disability discrimination must file a charge with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 12117.

We agree with the EEOC that Holmes' charge was untimely. Holmes' filing with the EEOC alleged that the discrimination took place from February 10, 2013 through February 7, 2014. She did not file her charge until October 5, 2015—well over 300 days later. On appeal, Holmes alleges that her termination did not become final until an administrative law judge upheld her termination in 2015, but she cites no authority for this proposition, and did not include the administrative law judge's determination in her charge to the EEOC.

Holmes' failure to timely file her charge to the EEOC is not necessarily fatal. As the Supreme Court has held, the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at

2

113. "Equitable tolling is, however, to be applied only sparingly." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997). For example, the Supreme Court has permitted equitable tolling when "the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (collecting cases). But "[c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving [her] legal rights.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Holmes presented no evidence that she diligently pursued her rights under the statute. As the district court noted, Holmes could have filed a claim with the EEOC that would have been held in suspension until her union rights were investigated. Holmes' assertion that she was unable to file a charge with the EEOC until October 2015 because the District instructed her not to discuss her termination with anyone else while she was on paid administrative leave is belied by Holmes' own admission that she spoke to other employees about her case while her union representative was investigating the matter on her behalf. For those reasons, the district court properly held that Holmes is entitled to equitable tolling, and did not err in granting summary judgment on Holmes' federal discrimination

3

claims because Holmes failed to timely file her charge with the EEOC.

Finally, the district court did not err in granting the District's motion for summary judgment with respect to Holmes' claims under the Washington Law Against Discrimination ("WLAD") because Holmes failed to comply with Washington's notice claim statute, Wash. Rev. Code § 4.96.010(1).  Holmes contends that this statute only applies to common-law tort claims, not claims created by statute.  But Holmes cites no authority for this proposition, and in fact Washington courts have held that similar notice claim statutes are applicable to state statutory causes of action.  *See, e.g.*, *Blair v. Wash. State Univ.*, 108 Wash. 2d 558, 576 (1987).  Nor did Holmes' notice with respect to her federal claims, by filing a charge to the EEOC, satisfy notice requirements with respect to her state-law claims under the WLAD.  Accordingly, the district court did not err in granting summary judgment in favor of the District on Holmes' WLAD claims.

**AFFIRMED.**