**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY L. NELSON,<br><br>          Plaintiff-Appellant,<br><br>     v.<br><br>HIBU, INC., FKA Yellowbook, Inc.,<br><br>          Defendant-Appellee. | No.   18-15330<br><br>D.C. No. 4:13-cv-00956-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Bradley L. Nelson appeals pro se from the district court's summary judgment in his action alleging federal employment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Nelson's claims arising from his January 27, 2011 and December 6, 2011 Equal Employment Opportunity Commission ("EEOC") charges because these claims were barred by the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(f)(1); *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (90-day deadline to file a Title VII action "constitutes a statute of limitations" and if plaintiff "fails to file within [the] 90-day period, the action is barred"). We reject as meritless Nelson's contention that the continuing violations doctrine applies.

The district court properly granted summary judgment on Nelson's disability, age, and sex discrimination claims, as well as Nelson's retaliation claim, because Nelson failed to raise a genuine dispute of material fact as to whether the legitimate, non-discriminatory reasons for defendant's actions were pretextual. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (burden-shifting framework applies to disability discrimination claim under the Americans with Disabilities Act); *Shelley v. Geren*, 666 F.3d 599, 606-08 (9th Cir. 2012) (burden-shifting framework applies to age discrimination claims under the Age Discrimination in Employment Act); *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) (burden-shifting framework applies to Title VII retaliation claims); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62 (9th Cir. 2002) (burden-shifting framework applies to sex discrimination claims under Title

18-15330

VII; circumstantial evidence of pretext must be specific and substantial).

The district court did not abuse its discretion by denying Nelson's motion for a discovery continuance because Nelson failed to demonstrate that he suffered any actual and substantial prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

**AFFIRMED.**