**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL E. LONG,

Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, LLC,

Defendant - Appellee.

No. 24-3257

D.C. No. 2:23-cv-00209-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Michael E. Long appeals pro se from the district court's summary judgment

in his action alleging employment discrimination and harassment in violation of

Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Long's action because it was barred by the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring that Title VII civil actions be brought within ninety days of notification that an administrative charge was dismissed); *Scholar*, 963 F.2d at 267 (explaining that the ninety-day period runs "from the 'giving of such notice' rather than from the date claimant actually 'receives' notice in hand"); *see also Payan v. Aramark Mgmt. Serv. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007) ("We measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record.").

The motion (Docket Entry No. 3) for judicial review is denied.

**AFFIRMED.**