**FIRST IDAHO CORPORATION,**
Plaintiff–Appellant,

v.

**Robert B. DAVIS and Louise E. Davis,
et al., Defendants–Appellees.**

No. 87–4173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1988.

Decided Feb. 21, 1989.

John C. Ward, Robert Burns, Holland, Hart, Langroise, Sullivan, Boise, Idaho, for plaintiff-appellant.

Donald E. Downen, Gigray, Miller, Downen, Weston & Pasley, Caldwell, Idaho, for defendants-appellees.

Before NELSON and BEEZER, Circuit Judges and MARQUEZ,* District Judge.

MARQUEZ, District Judge:

Plaintiff–Appellant First Idaho Corporation appeals the district court's dismissal of defendants Robert C. and Louise E. Davis, the district court's denial of First Idaho's motion for default judgment against all defendants except the United States, and the award of attorney fees. The district court had jurisdiction pursuant to 28 U.S.C. § 1446. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand in part.

I

This was an Idaho mortgage foreclosure action removed to federal court because

---

* The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation.

the United States was a party. The district court entered its judgment on July 20, 1987. On September 10, 1987, the court denied Plaintiff–Appellant's Motion to Void Order of Dismissal and Substitute Parties. This motion, filed on September 3, was untimely under Fed.R.Civ.P. 59. The district court considered the· motion although it did not state on its face grounds under Fed.R.Civ.P. 60(b). The notice of appeal filed on September 17, 1987, was timely under F.R.A.P. 4(a)(1), as the United States was a party.

First Idaho Corporation filed its complaint on March 29, 1984, to foreclose a mortgage securing a promissory note. The makers of the note were defendants Robert B. and Robert C. Davis. The liability of defendant Louise E. Davis was premised solely on her status as the wife of Robert C. Davis; Louise Davis did not sign any of the documents and nothing in the record suggests that the property was community property.

The defendants failed to answer and the deputy clerk entered a default on April 9, 1984, against defendants Davis. Robert C. Davis died in December 1984. At a status conference on November 13, 1986, the district court instructed the defendants to answer. Defendants Davis filed their Answer on June 3, 1987. The Answer stated the fact of Robert C. Davis' death, but no suggestion of death was ever filed in accordance with Fed.R.Civ.P. 25(a). At a hearing on June 17, 1987, the district court denied the defendants' oral motion to set aside the default judgment and advised the plaintiff that the court would permit substitution of a representative of the estate of Robert C. Davis. On June 22, 1987, the district court denied plaintiff's Motion for Default Judgment, and a court trial was held. The court issued its Memorandum of Decision and Order on July 20, 1987, awarding judgment against Robert B. Davis, dismissing *sua sponte* the claims against Robert C. and Louise E. Davis, and awarding attorney fees in the amount of $3,690.00.

## II

This court gives great weight to a district court's determination of state law but reviews the decision as any other issue of law. *Portland Gen. Elec. v. Pacific Indem. Co.*, 574 F.2d 469, 471 (9th Cir.1978). The standard of review for a district judge's denial of a motion for default judgment is abuse of discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). The amount of attorneys' fees awarded by a district court is discretionary. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir.1975).

## III

### A. Dismissal of Robert C. Davis

Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural. 3B *Moore's Federal Practice*, § 25.04[3]. This case raises the issue not of a conflicting state procedural rule but rather a substantive state statute that determines whether a judgment may be entered against a deceased defendant. *See* I.C. sec. 10–1106. Idaho substantive law controls this state law cause of action removed to federal court.

The district judge dismissed the cause of action against Robert C. Davis because he died prior to trial and plaintiff refused to substitute a representative of his estate. Memorandum of Decision and Order at 2. No transcripts of the proceedings below or reply brief are before this court. According to Defendant–Appellee's brief, the district judge advised the plaintiff prior to trial that he could not enter a judgment against a deceased party, but that the court would permit the plaintiff to substitute a representative of the estate. At the trial, the court again afforded the plaintiff the opportunity for substitution. On September 10, 1987, the district court denied Plaintiff–Appellant's post-trial motion to substitute Louise E. Davis for Robert C. Davis.

We hold that a district court judge has the power to recognize the death of a litigant and under Rule 25(a) order the substitution of a personal representative. We

affirm the district court's determination that under I.C. § 10–1106 it could not enter judgment against a deceased party when no substitution of parties was made and a verdict or decision had not been reached by the court. *Cf. Knudson v. Bank of Idaho*, 91 Idaho 923, 435 P.2d 348, 357 (1967) (affirming denial of motion for substitution of parties when ward died after court had entered findings and conclusions sufficient to authorize entry of judgment).

### B. Dismissal of Louise E. Davis

 We affirm the district court's dismissal of the cause of action against Louise E. Davis for the reason that there was no evidence of liability on her part. At the June 17, 1987, hearing, the court informed plaintiff that it could not enter a judgment against Louise, since she was not a party to the note.

A review of the complaint shows that the only allegation against Louise E. Davis is the statement in paragraph II that she is the wife of Robert C. Davis. Plaintiff–Appellant argues that under Idaho Code § 32–912, either spouse may bind the community by contract, and any debt so incurred may be satisfied out of the community property. Appellee states that the mortgaged property belonged to Robert B. Davis and the complaint failed to allege that the debt was for the benefit of the community.

Appellee correctly argues that where a wife has not signed a promissory note, she is not personally liable for the debt. *Twin Falls Bank & Trust Co. v. Holley*, 111 Idaho 349, 723 P.2d 893, 897 (1986). Only if the debt is incurred for the benefit of the community does I.C. § 32–912 allow satisfaction of the unpaid debt from the community property. *Id.* 723 P.2d at 896–97. Since the complaint alleges neither personal liability nor that the debt was incurred for the benefit of the community, the district court was correct in stating it could not render judgment against Louise E. Davis.

### C. Denial of Motion for Default Judgment

 Idaho Code § 10–1106 precludes entry of a default judgment against a de-

ceased defendant in a case in which no verdict or decision upon an issue of fact has been made. *Knudson, supra,* 435 P.2d at 357. Plaintiff–Appellant did not move for default judgment until after the death of Robert C. Davis.

On June 17, 1987, the trial court denied Defendant–Appellees' oral motion to set aside the entry of default. Twice before trial the district judge gave Plaintiff–Appellant the opportunity to substitute a representative of the estate. The court did not abuse its discretion in denying the motion.

### D. Attorneys' Fees

There can be no meaningful review of this issue because the record does not reveal what factors the district court considered. The case is remanded with instructions that the court apply the guidelines according to Idaho law.

AFFIRMED IN PART, REMANDED IN PART.