FILED

NOT FOR PUBLICATION

JUL 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON McCORD PATTEN,

Plaintiff - Appellant,

v.

COUNTY OF LAKE; et al.,

Defendants - Appellees.

No. 11-16852

D.C. No. 3:09-cv-03750-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Jason McCord Patten appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging state and federal

claims arising from a search of his car incident to his arrest and conviction for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

burglary.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Ramirez v. Galaza*, 334 F.3d 850, 853-54 (9th Cir. 2003), and its grant of summary judgment, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002).  We may affirm on any ground supported by the record, *id*., and we affirm.

The district court properly granted summary judgment on Patten's Fourth Amendment claim because issues related to the initial search and seizure were precluded by the California Court of Appeal's judgment affirming the denial of Patten's motion to suppress, and Patten admitted that the subsequent permanent loss of his property was caused by other defendants.  *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (federal claim collaterally estopped by prior state court litigation); *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (elements of collateral estoppel under California law); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (party is bound by concession to the district court).

The district court properly granted summary judgment on Patten's Fourteenth Amendment claim against the individual County defendants because the random and unauthorized deprivation of property for which state law provides adequate post-deprivation remedies is not cognizable under § 1983.  *See Zinerman v. Burch*, 494 U.S. 113, 128-30 (1990).  Summary judgment as to defendant Jones

Automotive was also proper because Patten failed to raise a genuine dispute of material fact as to whether it acted under color of state law. *See* 42 U.S.C. § 1983.

Dismissal of Patten's claims against the County was proper because Patten did not allege a violation of any of his constitutional rights due to the County's alleged failure to train its employees. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (failure to train may rise to the level of an official policy for municipal liability under § 1983 if it directly causes a constitutional violation).

The district court did not abuse its discretion in denying Patten's motion for default judgment because defendant Jones Automotive established good cause for its failure to appear by relying upon the advice of its counsel that it had not yet been properly served in the action. *See First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) (discussing default judgment standard).

The district court did not abuse its discretion in denying Patten's motions for appointment of counsel because he failed to establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Patten's remaining contentions, including those concerning sanctions and alleged judicial prejudice, are unpersuasive.

**AFFIRMED.**