**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS YOMI,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>CARLOS DEL TORO, Secretary of the Navy,<br><br>        Defendant - Appellee,<br><br>and<br><br>DOJ - UNITED STATES DEPARTMENT OF JUSTICE, DOJ - OFFICE OF THE UNITED STATES ATTORNEY,<br><br>        Defendants. | No. 24-7641<br><br>D.C. No.<br>3:23-cv-05199-KKE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted May 21, 2026**

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In this Title VII case, Plaintiff-Appellant Francis Yomi appeals the district court's orders (1) dismissing his motions for entry of default; (2) denying him leave to amend his complaint; (3) compelling his deposition testimony; (4) denying his motion to compel production of certain documents and information from the Navy; (5) terminating Yomi's motion for summary judgment as untimely; and (6) granting Defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. The district court did not abuse its discretion by denying Yomi's two motions for entry of default. *See First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989). The district court properly denied Yomi's first motion because Yomi filed it before perfecting service on the Secretary of the Navy. *See* Fed. R. Civ. P. 4(i). Yomi's second motion was likewise meritless because he sought default after Defendants had timely filed their answer. *See* Fed. R. Civ. P. 55(a).

2. The district court did not abuse its discretion by denying Yomi leave to amend his complaint to add a claim that he had voluntarily withdrawn before the Equal Employment Opportunity Commission (EEOC) in 2016. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1275 (9th Cir. 2023). At the latest, Yomi received written notice on December 6, 2020, that the EEOC would not act on this claim. Yomi then had 90 days to file this claim in federal court. *See* 42 U.S.C. § 2000e-5(f)(1) (providing that an employee has 90 days to file a claim in federal court once

the EEOC provides notice that it will not act on the claim); *id.* §§ 2000e-16(c), (d) (making § 2000e-5(f)(1) applicable to government employees); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992). But Yomi did not try to add the claim into this case until 2024—several years after the limitations period had run. Amending the complaint to add this long-time-barred claim would have been futile.

3. Yomi argues the district court abused its discretion by compelling his deposition testimony after the Navy had already deposed him in the underlying EEOC proceedings. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring a party to "obtain leave of court" to take a deposition if "the deponent has already been deposed in the case"). Yomi contends that the EEOC proceedings and his federal lawsuit comprise the same "case" within the meaning of Rule 30(a)(2)(A)(ii), and that the Navy was therefore required to seek leave from the district court before deposing him. But Yomi does not explain why the outcome of this case would have been different had the district court required the Navy formally to seek leave before deposing him. He has therefore failed to show that any alleged error in compelling his deposition absent leave warrants reversal. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1327 (9th Cir. 1995).

4. Yomi has not made "the clearest showing" that the district court's denial of his motion to compel the production of certain documents and information caused

him "actual and substantial prejudice." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation modified).

5. The district court did not abuse its discretion by terminating Yomi's untimely motion for summary judgment. *See F.T.C. v. Gill*, 265 F.3d 944, 956–57 (9th Cir. 2001). Without seeking leave, Yomi filed his summary judgment motion more than seven weeks after the deadline for dispositive motions. And in any event, the district court considered the arguments Yomi raised in his untimely motion as part of its consideration of his opposition to Defendants' summary judgment motion.

6. We review de novo and affirm the district court's grant of summary judgment to Defendants. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004). With respect to Yomi's disparate treatment claims, the Navy amply showed legitimate, nondiscriminatory reasons for terminating Yomi's employment, refusing to allow Yomi to retake the tests he failed, not transferring Yomi to another position, and declining to hire Yomi at a higher grade. *See Freyd v. Univ. of Or.*, 990 F.3d 1211, 1228 (9th Cir. 2021). And Yomi failed to present "specific and substantial" evidence that the Navy's legitimate reasons for these actions were pretextual. *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1282 (9th Cir. 2017) (citation modified). While Yomi argues that similarly situated peers outside of his protected classes were treated more favorably than he, the record shows that these peers either performed better academically than Yomi, did not have conduct issues

like Yomi, or were not treated differently than Yomi.

With respect to Yomi's retaliation claims, the district court correctly concluded that Yomi failed to establish a causal link between his involvement in a protected activity and the Navy's adverse employment decisions. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Yomi presented no evidence that the Navy officials who terminated his employment or later found him ineligible to be rehired at a higher grade took these adverse actions because Yomi had contacted the EEOC or accused the Navy of discrimination.

**AFFIRMED.**